UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BRYAN TURNER, JR.,<br><br>                    Petitioner,<br><br>v.<br><br>WILLIAM D. GORE, et al.,<br><br>                    Respondents. | Case No.: 20cv961-CAB(MSB)<br><br>**REPORT AND RECOMMENDATION FOR ORDER FINDING MIXED PETITION AND ISSUING OPTIONS ORDER** |

      This Report and Recommendation is submitted to United States District Judge Cathy Ann Bencivengo pursuant to 28 U.S.C. § 636(b), and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California. On May 22, 2020, Petitioner David Bryan Turner, Jr., a state prisoner proceeding pro se, commenced these habeas corpus proceedings pursuant to 28 U.S.C. § 2254 by filing his Petition for Writ of Habeas Corpus ("Petition"). (Pet., ECF No. 1 ("Pet.").)

      For the reasons set forth below, the Court **RECOMMENDS** that the District Judge find that the Petition contains exhausted and unexhausted claims. The Court further **RECOMMENDS** that Petitioner be advised of the options available to him with regard to a mixed petition, and that Petitioner be given an opportunity to select one of the following options: (1) demonstrate exhaustion; (2) voluntarily dismiss the Petition;

(3) formally abandon his unexhausted claims; or (4) file a motion to stay the federal proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 18, 2019, Petitioner pleaded guilty to possession of metal knuckles, in violation of Cal. Pen. Code Section 21810; burglary, in violation of Cal. Pen. Code Section 459; three counts of felony vandalism, in violation of Cal. Pen. Code Section 594(a)(b)(1); and exhibiting a deadly weapon other than a firearm, in violation of Cal. Pen. Code Section 417(a)(1). (ECF No. 8-1 at 1-4.) In exchange for the plea, the remaining charges against Petitioner were dismissed, and the parties stipulated to a term of five years and eight months, which included two years and eight months of custody and three years of mandatory supervision. (Id. at 8-9.) On October 17, 2019, Petitioner was sentenced pursuant to the plea agreement, and the trial court imposed the stipulated sentence of two years eight months in county jail followed by three years of mandatory supervision. (Id. at 9.) Turner did not appeal the judgment. (See Docket; see also ECF No. 8-9 at 1.)

On July 29, 2019, while still awaiting trial and before pleading guilty, Petitioner filed his first petition for writ of habeas corpus in the San Diego County Superior Court challenging the validity of his arrest and the conditions of his confinement, and seeking damages and release for being housed in an overcrowded cell. (ECF No. 8-2 at 1, 3, 7.) On August 29, 2019, the court denied Petitioner's petition. (ECF No. 8-3.)

On September 24, 2019, Petitioner filed his second petition for writ of habeas corpus in the San Diego County Superior Court, alleging that "[t]he trial court imposed an illegal sentence of 5 years 8 months for a charge that only carries 3 years max[,]"[1]

---

[1] The Court notes that although Petitioner signed the petition on September 22, 2019, (ECF No. 8-4 at 6), and the petition bears a stamp indicating that it was filed on September 24, 2019, (id. at 1), Petitioner stated in the petition that he was sentenced on "10/17/2019" (id. at 2). Because Petitioner was in fact sentenced on October 17, 2019, (ECF No. 8-1 at 8-9), there appears to be a discrepancy in the dates.

1 and that he was entitled to damages based on the conditions of his confinement, which
2 included being housed in an overcrowded cell, and being subjected to improper
3 searches and excessive force.  (ECF No. 8-4 at 3-4.)  On October 25, 2020, the court
4 denied the petition.  (ECF No. 8-5.)

5     On November 7, 2019, Petitioner filed his third petition for writ of habeas corpus
6 in the San Diego County Superior Court.  (ECF No. 8-6.)  Petitioner argued that the trial
7 court imposed an unlawful jail sentence after he tried to withdraw his guilty plea, his jail
8 cell housed too many inmates, and the county jail denied him the "equal protection
9 under the law to receive good time credits."  (Id. at 3, 4.)  On December 10, 2019, the
10 court denied the petition.  (ECF No. 8-7.)

11     On January 11, 2020, Petitioner constructively filed a petition for writ of habeas
12 corpus in the California Court of Appeal.  (ECF No. 8-8.)  He alleged the following claims:
13 (1) the trial court imposed an unlawful jail sentence after Petitioner requested to
14 withdraw his plea because the sentence exceeded the maximum permissible jail term of
15 364 days; and (2) Petitioner was denied equal protection to receive good time credits at
16 the rate applicable to his security classification, and was placed in a jail cell with more
17 than two inmates, which caused injury to his health and safety.  (Id. at 3, 7.)  Petitioner
18 sought a "sentence modification" and an "injunctive release."  (Id.)  On January 17,
19 2020, the California Court of Appeal denied the petition.  (ECF No. 8-9.)  The appellate
20 court found that that Petitioner's "aggregate jail term is not legally unauthorized merely
21 because it exceeds 364 days."  (Id. at 2.)  The appellate court further found that
22 Petitioner was not entitled to habeas corpus relief on his claims that he was not being
23 awarded the correct amount of good conduct credits and was housed in an
24 overcrowded cell because he had not demonstrated exhaustion of administrative

remedies with respect to those claims. (Id. (citing In re Dexter, 25 Cal. 3d 921, 925 (1979).[2])

On February 20, 2020, Petitioner filed a habeas petition in the California Supreme Court. (ECF No. 8-10.) Petitioner alleged the following claims: (1) the trial court improperly denied his request to withdraw guilty plea and imposed an unlawful sentence of over one year in county jail, and Petitioner was denied equal protection by being deprived of his right to earn good conduct credits; (2) the county jail violated his constitutional rights by placing him in a cell that housed three and four inmates. (Id. at 5, 15.) On April 1, 2020, The California Supreme Court summarily denied the petition. (ECF No. 8-11; see also Pet. at 16.)

On May 22, 2020, Petitioner filed the instant Petition alleging the following claims: (1) confinement in county jail for a period of more than one year is not authorized by state law and Petitioner's sentence constitutes disparate treatment under equal protection clause; (2) the trial court improperly denied Petitioner's motion to withdraw guilty plea[3]; (3) California custody-credit scheme violates Petitioner's equal protection rights because he was denied the right to receive Good Conduct Credits; and (4) California custody-credit scheme violates Petitioner's equal protection rights because he was denied the right to receive Milestone Completion Credits. (See Pet.)

On July 24, 2020, Respondent filed an Answer to the Petition arguing, *inter alia*, that the Petition contains exhausted and unexhausted claims. (See Answer, ECF No. 7 ("Answer").) On September 10, 2020, Petitioner filed a Traverse. (Traverse, ECF No. 9 ("Traverse").)

---

[2] The cited page provides, in relevant part, the following: "[a]s a general rule, a litigant will not be afforded judicial relief unless he has exhausted available administrative remedies." In re Dexter, 25 Cal. 3d at 925.

[3] As part of this claim, Petitioner is also alleging that "the County of San Diego public defenders refus[ed] to help withdraw [Petitioner's] plea before final Judgment." (Id. at 7.)

## II. LEGAL STANDARD

A federal court may not consider a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each claim raised. See 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 515 (1982). Exhaustion of a habeas petitioner's federal claims requires that they have been "fairly present[ed]" in each appropriate state court, including a state supreme court with powers of discretionary review, although presentation to the state supreme court alone may suffice. See Baldwin v. Reese, 541 U.S. 27, 29 (2004); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).

Claims are not exhausted by mere presentation to the state appellate system. To properly exhaust state court remedies, a petitioner must allege in state court how one or more of his or her federal rights have been violated. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution."). A petitioner may indicate a federal claim by "citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Baldwin, 541 U.S. at 32. If state remedies have not been exhausted with respect to any of the federal claims, the habeas petition typically should be dismissed. See Castille v. Peoples, 489 U.S. 346, 349 (1989); Rose, 455 U.S. at 522 ("[W]e hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims."); see also Rhines v. Weber, 544 U.S. 269, 274-78 (2005) (confirming continued applicability of "total exhaustion" rule even after enactment of AEDPA).

## III. DISCUSSION

A. **Petition Contains Unexhausted Claims**

Respondent asserts that only two claims raised in the Petition, Claim 1 and Claim 2 (with the exception of ineffective assistance of trial counsel sub-claim), were

included in Petitioner's petition for writ of habeas corpus filed in the California Supreme Court, and are exhausted. (Answer at 4-5.) Respondent further claims that Petitioner's remaining claims are unexhausted because Petitioner did not seek administrative review for Claim 3, and did not present Claim 4, as well as his ineffective assistance of trial counsel sub-claim alleged in Claim 2, to the California Supreme Court. (Id. at 5-6.) Other than checking the box "Yes" in his Petition, when asked whether he raised his claims in the California Supreme Court, Petitioner does not make any arguments regarding exhaustion, and does not provide any explanation or documents demonstrating exhaustion of all of his claims raised in the federal Petition. (See Pet. at 6-9; Traverse.)

As noted above, Petitioner filed petitions for writ of habeas corpus in both the California Court of Appeal and the California Supreme Court. (See ECF No. 8-8; ECF No. 8-10.) He raised the following two claims before the California Court of Appeal: (1) the trial court imposed an unlawful jail sentence after Petitioner requested to withdraw his plea because the sentence exceeded the maximum permissible jail term of 364 days; and (2) Petitioner was denied equal protection to receive good conduct credits at the rate applicable to his security classification, and Petitioner was placed in a jail cell with more than two inmates, which caused injury to his health and safety. (See ECF No. 8-8 at 3, 7.) Petitioner raised similar claims before the California Supreme Court: (1) the trial court improperly denied his request to withdraw his guilty plea and imposed an unlawful sentence of over one year in county jail, and Petitioner was denied equal protection by being deprived of his right to earn good conduct credits; (2) the county jail violated his constitutional rights by placing him in a cell that housed three and four inmates. (ECF No. 8-10 at 5, 15.) In his federal Petition, Turner alleges the following claims: (1) confinement in county jail for a period of more than one year is not authorized by state law and Petitioner's sentence constitutes disparate treatment under equal protection clause; (2) the trial court improperly denied Petitioner's motion to withdraw guilty plea; (3) California custody-credit scheme violates Petitioner's equal

protection rights because he was denied the right to receive Good Conduct Credits; and (4) California custody-credit scheme violates Petitioner's equal protection rights because he was denied the right to receive Milestone Completion Credits. (See Pet.)

Petitioner presented Claim 1 and Claim 2 alleged in his federal Petition to the California Supreme Court, and the claims are therefore exhausted.[4] Petitioner presented Claim 3 to the California Supreme Court; however, he had not exhausted his administrative remedies for Claim 3, so Claim 3 is unexhausted.[5] Petitioner did not

---

[4] In Claim 2, Petitioner also states that "the County of San Diego public defenders refus[ed] to help withdraw [Petitioner's] plea before final Judgment." (Pet. at 7.) To the extent Petitioner is alleging that his trial counsel was ineffective, Petitioner has not "fairly presented" the claim to the California Supreme Court as required by the exhaustion doctrine, and the claim is unexhausted.

[5] The California Supreme Court summarily denied Petitioner's petition. (See ECF No. 8-11.) The California Court of Appeal found that in accordance with In re Dexter, 25 Cal. 3d at 925, Petitioner was not entitled to habeas relief on this claim because he had not established exhaustion of administrative remedies. (ECF No. 8-9 at 2); see also Ylst v. Nunnemaker, 501 U.S. 797, 805-06 (1991) (Where there is no reasoned decision from the state's highest court, the Court "looks through" to the underlying appellate court's decision and presumes it provides the basis for the higher court's denial of a claim). "District courts in California have consistently held that denial of a habeas petition with a citation to In re Dexter means that the petitioner has not exhausted available administrative remedies." Rios v. Paramo, Case No.: 15cv1331-BAS-RBB, 2016 WL 11281163, at *8 n.5 (S.D. Cal. Feb. 8, 2016); see also Stamos v. Davey, Case No. 16-cv-4860-THE, 2017 WL 412619, at *1-4 (N.D. Cal. Jan. 31, 2017) (granting motion to dismiss habeas petition challenging disciplinary decision with loss of time credits as unexhausted because California Supreme Court summarily denied petition with a citation to In re Dexter); Turner v. Dir. of CDC, No. 1:14–cv–00392-LJO-JLT, 2014 WL 4458885, at *3 n.2 (E.D. Cal. Sept. 10, 2014) ("[F]or exhaustion purposes, the citation to Dexter alone is sufficient, without the need to review the state petition, to establish that the claims in [petitioner's federal] petition were never considered on their merits by the state court and, thus were not 'fairly presented' within the meaning of AEDPA."); Foster v. Cate, No. 1:12–cv–01539 AWI BAM HC, 2013 WL 1499481, at *2 (E.D. Cal. Apr. 11, 2013) (citation to In re Dexter indicates that petitioner presented his claim in a procedurally deficient manner and therefore petitioner failed to exhaust state court remedies); McCann v. Hill, No. CIV S-11–1463 LKK DAD P, 2011 WL 6750056, at *2 (E.D. Cal. Dec. 22, 2011) (citation to In re Dexter "signifies that the court did not reach the merits of petitioner's claims because he failed to exhaust his available administrative remedies.").

present Claim 4 to the California Supreme Court, and the claim is thus unexhausted. Accordingly, because the Petition contains exhausted and unexhausted claims, it is a "mixed" federal habeas petition, which the Court may not consider. See Rose, 455 U.S. at 522 ("[B]ecause a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims."); see also id. at 515 ("[A]s a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act[.]"); King v. Giurbino, 225 F. App'x 623, 624 (9th Cir. 2007) (quoting Jefferson v. Budge, 419 F.3d 1013, 1015 (9th Cir. 2005)) (finding that "[t]he district court erred in dismissing the petition without first giving [petitioner] 'the choice of exhausting his unexhausted claims by returning to state court, or abandoning those claims and pursuing the remaining exhausted claims in federal court.'").

**B.     Petitioner's Options**

To avoid the Court dismissing the Petition, it is **RECOMMENDED** that Petitioner choose one of the following options.

**1.   First option:  demonstrate exhaustion**

Petitioner may file additional documents with this Court to demonstrate that he has in fact exhausted <u>all</u> claims contained in the Petition, including Claim 3 and Claim 4, as well as the ineffective assistance of trial counsel sub-claim Petitioner is purporting to assert in Claim 2.

**2.   Second option:  voluntarily dismiss the Petition**

Petitioner may move to voluntarily dismiss the Petition and return to state court to exhaust his unexhausted claims.  Petitioner may then file a new federal petition containing only exhausted claims.  See Rose, 455 U.S. at 510, 520-21 (stating that a

petitioner who filed a mixed petition may dismiss his petition to "return[] to state court to exhaust his claims[.]"). Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations. Ordinarily, a petitioner has one year from when his conviction became final to file his federal petition, unless he can show that statutory or equitable "tolling" applies. See Duncan v. Walker, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d). Absent some basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending. See Duncan, 533 U.S. at 181-82; 28 U.S.C. § 2244(d); see also Frye v. Hickman, 273 F.3d 1144, 1145-46 (9th Cir. 2001).

### 3. Third option: formally abandon unexhausted claims

Petitioner may formally abandon his unexhausted claims and proceed with his exhausted claim(s). See Rose, 455 U.S. at 510 (stating that a petitioner who files a mixed petition may "resubmit[ ] the habeas petition to present only exhausted claims to the district court."). Petitioner is cautioned that once he abandons his unexhausted claims, he may lose the ability to ever raise them in federal court.

### 4. Fourth option: file a motion to stay the federal proceedings

Petitioner may move to stay this federal proceeding while he returns to state court to exhaust his unexhausted claims. See Jackson v. Roe, 425 F.3d 654, 659-60 (9th Cir. 2005); Valerio v. Crawford, 306 F.3d 742, 770-71 (9th Cir. 2002) (en banc). The two methods to stay the case are the "stay and abeyance" and "withdrawal and abeyance" procedures.

Under the "stay and abeyance" procedure, a district court has discretion to stay a "mixed" federal habeas petition, while the petitioner returns to state court to exhaust the unexhausted claims without losing his right to federal habeas review due to the relevant one-year statute of limitations. Rhines, 544 U.S. at 273-78. Once the petitioner exhausts the state court remedies for all of his claims, the district court lifts the stay and allows the petitioner to proceed in federal court on all claims. See id. at 277. The "stay and abeyance" procedure is available only in "limited circumstances" when the

9
20cv961-CAB(MSB)

following three conditions are met: (1) the petitioner demonstrates "good cause" for failing to first exhaust his claims in state court; (2) the unexhausted claims potentially have merit; and (3) there is no indication that petitioner intentionally engaged in dilatory litigation tactics. Id. at 277-78; see also Mitchell v. Valenzuela, 791 F.3d 1166, 1171 (9th Cir. 2015) (same). The procedure allows petitioner's "mixed" petition to remain in federal court during the pendency of the state courts' collateral review of the petitioner's claims. See Rhines, 544 U.S. at 277.

Alternatively, a "mixed" federal petition may be stayed pursuant to "withdrawal and abeyance" procedure outlined in Kelly v. Small, 315 F.3d 1063, 1070-71 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007). A Kelly abeyance requires compliance with the following three-step procedure: (1) petitioner files an amended petition deleting his unexhausted claims; (2) the district court "stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims"; and (3) petitioner subsequently seeks to amend the federal habeas petition to reattach "the newly-exhausted claims to the original petition." King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing Kelly, 315 F.3d at 1070-71). The petitioner is allowed to amend his newly-exhausted claims back into his federal petition only if the claims are timely under the AEDPA or "relate back" to the exhausted claims in the pending federal petition. Id. at 1140-41, see also Mayle v. Felix, 545 U.S. 644, 662-64 (2005). A new claim relates back to an existing claim if the two claims share a "common core of operative facts." Mayle, 545 U.S. at 664. Petitioner is advised that a stay under Kelly does not toll AEDPA's limitations period with respect to unexhausted claims. King, 564 F.3d at 1140-42.

///
///
///
///

## IV. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Judge issue an order approving and adopting this Report and Recommendation, finding the Petition contains exhausted and unexhausted claims, and that Petitioner be sent an Order specifying his options with regard to a mixed petition.

The Court further **RECOMMENDS** that the District Judge notify Petitioner that if Petitioner does not inform the Court within thirty days of the District Judge's final order on this Report and Recommendation of how Petitioner intends to proceed, the Court will recommend to the District Judge that the Petition be dismissed without prejudice.

**IT IS ORDERED** that no later than **December 28, 2020**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **January 11, 2021**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED**.

Dated: November 27, 2020

Honorable Michael S. Berg
United States Magistrate Judge