UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BRYAN TURNER, JR.,<br><br>                      Petitioner,<br><br>v.<br><br>WILLIAM D. GORE, et al.,<br><br>                      Respondent. | Case No.: 20cv961-CAB-MSB<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION FOR ORDER FINDING MIXED PETITION AND ISSUING OPTIONS ORDER [Doc. No. 10]** |

On May 22, 2020, Petitioner David Bryan Turner, Jr. ("Petitioner"), a state prisoner proceeding pro se and in forma pauperis, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, [Doc. No. 1.] On July 24, 2020, Respondent filed an answer to the petition and lodged the state court record. [Doc. Nos. 7, 8.] On July 24, 2020, Petitioner filed a traverse. [Doc. No. 9.]

On November 27, 2020, Magistrate Judge Michael S. Berg issued a Report and Recommendation ("Report"), recommending that the Court find that the Petition contains exhausted and unexhausted claims and advising Petitioner of the options available to him with regard to a mixed petition. [Doc. No. 10.]  The Report also ordered that any objections were to be filed by December 28, 2020. [Report at 11.] To date, no objection has been filed, nor has there been a request for additional time in which to file an objection.

A district court's duties concerning a magistrate judge's report and recommendation and a respondent's objections thereto are set forth in Rule 72(b) of the Federal rules of Civil Procedure and 28 U.S.C. § 636(b)(1). When no objections are filed, the district court is not required to review the magistrate judge's report and recommendation. The Court reviews de novo those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. However, "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003) (en banc) (emphasis in original). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Id*.

Here, neither party has timely filed objections to the Report. Having reviewed it, the Court finds that it is thorough, well-reasoned, and contains no clear error. Accordingly, the Court **HEREBY ADOPTS** Magistrate Judge Berg's Report and Recommendation [Doc. No. 10] in its entirety. For the reasons stated in the Report, which is incorporated herein by reference, the Court **HEREBY ORDERS** as follows:

    A. The petition contains exhausted and unexhausted claims.

    B. Petitioner is **HEREBY ADVISED** that his petition **will be dismissed unless Petitioner chooses one of the following options**:

        1. **First option: demonstrate exhaustion**.

        Petitioner may file additional documents with this Court to demonstrate that he has in fact exhausted <u>all</u> claims contained in the Petition, including Claim 3 and Claim 4, as well as the ineffective assistance of trial counsel sub-claim Petitioner is purporting to assert in Claim 2.

2. **Second option: voluntarily dismiss the Petition**.

   Petitioner may move to voluntarily dismiss the Petition and return to state court to exhaust his unexhausted claims. Petitioner may then file a new federal petition containing only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510, 520-21 (1982)(stating that a petitioner who filed a mixed petition may dismiss his petition to "return[] to state court to exhaust his claims[.]"). Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations. Ordinarily, a petitioner has one year from when his conviction became final to file his federal petition, unless he can show that statutory or equitable "tolling" applies. *See Duncan v. Walker*, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d). Absent some basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending. *See Duncan*, 533 U.S. at 181-82; 28 U.S.C. § 2244(d); *see also Frye v. Hickman*, 273 F.3d 1144, 1145-46 (9th Cir. 2001).

3. **Third option: formally abandon unexhausted claims**.

   Petitioner may formally abandon his unexhausted claims and proceed with his exhausted claim(s). *See Rose*, 455 U.S. at 510 (stating that a petitioner who files a mixed petition may "resubmit[ ] the habeas petition to present only exhausted claims to the district court."). Petitioner is cautioned that once he abandons his unexhausted claims, he may lose the ability to ever raise them in federal court.

4. **Fourth option: file a motion to stay the federal proceedings**.

   Petitioner may move to stay this federal proceeding while he returns to state court to exhaust his unexhausted claims. *See Jackson v. Roe*, 425 F.3d 654, 659-60 (9th Cir. 2005); *Valerio v. Crawford*, 306 F.3d 742, 770-71 (9th Cir. 2002) (en banc). The two methods to stay the case are the "stay and abeyance" and "withdrawal and abeyance" procedures.

Under the "stay and abeyance" procedure, a district court has discretion to stay a "mixed" federal habeas petition, while the petitioner returns to state court to exhaust the unexhausted claims without losing his right to federal habeas review due to the relevant one-year statute of limitations. *Rhines*, 544 U.S. at 273-78. Once the petitioner exhausts the state court remedies for all of his claims, the district court lifts the stay and allows the petitioner to proceed in federal court on all claims. *See id*. at 277. The "stay and abeyance" procedure is available only in "limited circumstances" when thefollowing three conditions are met: (1) the petitioner demonstrates "good cause" for failing to first exhaust his claims in state court; (2) the unexhausted claims potentially have merit; and (3) there is no indication that petitioner intentionally engaged in dilatory litigation tactics. *Id*. at 277-78; *see also Mitchell v. Valenzuela*, 791 F.3d 1166, 1171 (9th Cir. 2015) (same). The procedure allows petitioner's "mixed" petition to remain in federal court during the pendency of the state courts' collateral review of the petitioner's claims. *See Rhines*, 544 U.S. at 277.

Alternatively, a "mixed" federal petition may be stayed pursuant to "withdrawal and abeyance" procedure outlined in *Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2003), overruled on other grounds by *Robbins v. Carey*, 481 F.3d 1143, 1149 (9th Cir. 2007). A *Kelly* abeyance requires compliance with the following three-step procedure: (1) petitioner files an amended petition deleting his unexhausted claims; (2) the district court "stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims"; and (3) petitioner subsequently seeks to amend the federal habeas petition to reattach "the newly-exhausted claims to the original petition." *King v. Ryan*, 564 F.3d 1133,

1135 (9th Cir. 2009) (*citing Kelly*, 315 F.3d at 1070-71). The petitioner is allowed to amend his newly-exhausted claims back into his federal petition only if the claims are timely under the AEDPA or "relate back" to the exhausted claims in the pending federal petition. *Id*. at 1140-41, *see also Mayle v. Felix*, 545 U.S. 644, 662-64 (2005). A new claim relates back to an existing claim if the two claims share a "common core of operative facts." *Mayle*, 545 U.S. at 664. Petitioner is advised that a stay under Kelly does not toll AEDPA's limitations period with respect to unexhausted claims. *King,* 564 F.3d at 1140-42.

C. Petitioner is **HEREBY NOTIFIED** that if Petitioner does not inform the Court by **February 19, 2021** of how Petitioner intends to proceed, **then the petition will be dismissed without prejudice**.

**IT IS SO ORDERED**.

Dated:  January 22, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge